UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL M. MAZANTI and KYLE MAZANTI, husband and wife,<br><br>                Plaintiffs,<br>   v.<br><br>NATIONWIDE INSURANCE COMPANY, a foreign corporation doing business in the State of Washington, and NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, a foreign corporation doing business in the State of Washington,<br><br>                Defendants. | CASE NO. C19-5127 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' JURY DEMAND |

    This matter comes before the Court on Defendant Nationwide Agribusiness Insurance Company's ("Nationwide") motion to strike Plaintiffs Mrs. Cheryl Mazanti and Mr. Kyle Mazanti's ("the Mazantis") jury demand. Dkt. 12.[1] The Court has

---

[1] Nationwide informs the Court that "'Nationwide Insurance Company,' the other entity plaintiffs sued, is not a legal entity and did not issue the insurance policy that is the subject of this suit." Dkt. 12 at 1 n.1.

ORDER - 1

considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 18, 2019, the Mazantis filed a complaint for damages against Nationwide in the Mason County Superior Court for the State of Washington. Dkt. 1-1. Relevant to the instant motion, the Mazantis did not request a jury trial. *Id.* On February 15, 2019, Nationwide removed the matter to this Court. Dkt. 1. On February 26, 2019, Nationwide answered the complaint and added a counterclaim for declaratory relief. Dkt. 9. On February 26, 2019, the Mazantis answered. Dkt. 26. On March 19, 2019, the Mazantis filed a demand for jury trial. Dkt. 11.

On March 25, 2019, Nationwide filed the instant motion to strike the Mazantis' jury demand. Dkt. 12. On March 26, 2019, the Mazantis responded. Dkt. 13. On April 12, 2019, Nationwide replied. Dkt. 14.

## II. DISCUSSION

Since the Mazantis did not request a jury trial before this case was removed from state court, Fed. R. Civ. P. 38(b), made applicable to removed cases by Fed. R. Civ. P. 81(c), required the Mazantis to demand a jury trial within fourteen days from filing the last pleading concerned with the issues for which trial by jury is sought. The parties agree that the Mazantis' answer was the last relevant pleading. Dkt. 12 at 3; Dkt. 13 at 2. The Mazantis concede that their jury demand was due March 12, 2019 but was not filed until March 19, 2019. Dkt. 13 at 2. Failure to file within the time provided constitutes a waiver of the right to trial by jury. Fed. R. Civ. P. 38(d). Despite the waiver, "the court may, on

motion, order a jury trial on any issue for which a jury trial might have been demanded." Fed. R. Civ. P. 39(b).

In this case, the Mazantis' counsel declares that the reason for the late filing was that he inadvertently entered the due date for the jury demand on the incorrect date in his calendar. Dkt. 13-1 at 2. The Mazantis argue that Nationwide cannot show prejudice and ask that the Court to follow *Johnson v. Dalton*, 57 F. Supp.2d 958 (C.D. Cal. 1999) and exercise discretion to override the waiver provisions of Fed. R. Civ. P. 38. Dkt. 13 at 3. The court in *Johnson* concluded that "[d]espite suggestions in Ninth Circuit opinions that the Court does not have discretion in this case, the Court finds that the Rule itself, case law, and policy support the court's exercise of discretion here." *Id.*

Since *Johnson*, the Ninth Circuit has continued to clearly hold that inadvertence is not a permissible reason for a district court to grant relief from the failure to make a timely jury demand. According to the Ninth Circuit, the court's discretion "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1086–87 (9th Cir. 2002). "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1003 (9th Cir. 2001). The Mazantis' counsel explicitly declares that the only reason for his untimely request was inadvertence. Dkt. 13-1 at 2. The Court finds that on the facts of this case, *Zivkovic* and *Pacific Fisheries* are controlling. The Court concludes that the Mazantis have failed to timely demand a jury and have waived their right to a trial by jury.

### III. ORDER

Therefore, it is hereby **ORDERED** that Nationwide's motion to strike the Mazantis' jury demand, Dkt. 12, is **GRANTED**.

Dated this 28th day of May, 2019.

BENJAMIN H. SETTLE
United States District Judge